UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

SHAWN ROBBINS, a.k.a.
SHAWN DEWAYNE ROBBINS

CRIMINAL ACTION

14-115-SDD-SCR

## PRELIMINARY ORDER OF FORFEITURE

**WHEREAS**, on September 18, 2014, an *Indictment*[1] was filed against Defendant, Shawn Robbins, a.k.a. Shawn Dewayne Robbins, in the United States District Court for the Middle District of Louisiana; and

**WHEREAS,** on October 16, 2014, a *Superseding Indictment*[2] was filed in the United States District Court for the Middle District of Louisiana; and

**WHEREAS,** the *Indictment* and the *Superseding Indictment* both contained Forfeiture Allegations seeking forfeiture, pursuant to Title 21 United States Code, Section 853, and provided notice to Defendant Robbins that, upon conviction, the United States would seek to forfeit any and all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the said violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations; and

**WHEREAS,** Defendant Robbins entered into a *Rule 11 Plea Agreement*[3] on April 1, 2015 and, thereafter, pled guilty on April 1, 2015 to Count One charging possession

---
[1] Rec. Doc. 1.
[2] Rec. Doc. 4.
[3] Rec. Doc. 18.

with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and Count Two charging possession of marijuana in violation of Title 21, United States Code, Section 844(a), and agreed to the Forfeiture Allegation, pursuant to Title 21, United States Code, Section 853; and

**WHEREAS**, in his *Plea Agreement*, Defendant Robbins agreed to forfeit his interests in the assets set forth in the forfeiture allegation of the *Indictment*, to consent to the entry of orders of forfeiture and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture at sentencing, and incorporation of the forfeiture in the *Judgment*; and

**WHEREAS**, Defendant Robbins understood that the Court may order a forfeiture money judgment for an amount equal to the value of the drugs from the commission of the offenses based on the Court determination of relevant conduct at or before sentencing; and

**WHEREAS,** Defendant Robbins further understood and agreed that the Court would, upon acceptance of the guilty plea, enter an *Order of Forfeiture* as part of his sentence and that the *Order of Forfeiture* may include: assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property used to transport, sell, possess or conceal any controlled substance; all monies or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such exchange; and all monies used or intended to be used to facilitate any violation of the Controlled Substances Act, and further agreed in his *Plea Agreement* to waive all interest in any asset in any administrative or judicial forfeiture proceeding, whether criminal, civil, state, or federal;

and

**WHEREAS,** Defendant Robbins acknowledged that all property covered by this agreement was subject to forfeiture either as: (i) proceeds of illegal conduct, (ii) property facilitating illegal conduct, (iii) property involved in illegal conduct giving rise to forfeiture, or (iv) substitute assets for property otherwise subject to forfeiture, and acknowledged that he understood that the forfeiture of assets was part of the sentence that may be imposed in this case and waived any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty pleas and the admission are accepted; and

**WHEREAS,** on November 6, 2013, an East Baton Rouge Parish Sheriff's Department Sargent Cooper was on routine patrol and observed the Defendant operating a white Ford vehicle without wearing a seatbelt and, upon being questioned, the Defendant opened the center console, grabbed a clear plastic bag, exited the vehicle and began running with East Baton Rouge Parish Sheriff's Department Lieutenant Hall pursuing him; and

**WHEREAS,** the Defendant eventually jumped into a canal located on the side of the grocery store and was found lying face down in the water with his hands under his body, hidden from sight; and

**WHEREAS,** the Defendant was assisted out of the water and arrested, and the deputies retrieved a clear plastic bag containing four individually wrapped bags of suspected cocaine floating to the surface once the Defendant was removed from the water; and

**WHEREAS,** the suspected cocaine was field tested and determined to be cocaine with a net weight of approximately 130.3 grams; and

WHEREAS, a subsequent search of the Defendant revealed $1,462.00 in U.S Currency in his left front pants pocket and a clear plastic bag with suspected marijuana inside the left front pocket, with a net weight of 8 grams.

IT IS HEREBY ORDERED that a forfeiture money judgment be entered against Defendant, Shawn Robbins, in favor of the United States of America. The amount of the forfeiture judgment will be determined by this Court at or before sentencing based on the Defendant's relevant conduct.

IT IS FURTHER ORDERED that, pursuant to Fed.R.Crim.P. 32.2, this forfeiture money judgment shall become the *Final Order of Forfeiture* at the time of Defendant's sentencing and shall be made part of the sentence and included in the *Judgment*.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce the *Preliminary Order of Forfeiture* and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

IT IS FURTHER ORDERED that, in accordance with the provisions of Rule 32.2, the Government is permitted to undertake whatever discovery necessary to identify, locate, or dispose of the property in satisfaction of the forfeiture money judgment.

Baton Rouge, Louisiana the 8 day of April, 2015.

_____
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA